ROBERT S. BREWER, JR.
United States Attorney
MELANIE K. PIERSON
Assistant U.S. Attorney
California Bar No. 112520
Office of the U.S. Attorney
880 Front Street, Room 6293
San Diego, CA 92101
Tel: (619) 546-7976
Fax: (619) 546-0450
Email:  Melanie.Pierson@usdoj.gov

Attorneys for the United States

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| UNITED STATES OF AMERICA,<br><br>              Plaintiff,<br><br> ALFREDO CATALAN,<br><br>              Defendant. | Case No. 20cr2699-JAH<br><br>**GOVERNMENT'S RESPONSE AND OPPOSITION TO DEFENDANT'S MOTIONS;**<br>  **1. TO COMPEL DISCOVERY**<br>  **2. TO PRESERVE EVIDENCE**<br>  **3. TO FILE FURTHER MOTIONS**<br><br>DATE: November 9, 2020<br>TIME:  11:45 a.m. |
|---|---|

   COMES NOW the plaintiff, United States of America, by and through its counsel, United States Attorney Robert S. Brewer, Jr., and Assistant U.S. Attorney Melanie K. Pierson, and hereby files its Response and Opposition to Defendant's Motions to Compel Discovery, Preserve Evidence and to File Further Motions.  Said response is based on the files and records of the case.


   DATED: November 3, 2020          Respectfully submitted,

                                    ROBERT S. BREWER, JR.
                                    United States Attorney

                                    /s/Melanie K. Pierson
                                    Assistant United States Attorney

I.
STATEMENT OF THE CASE

On July 27, 2020, a complaint was filed in the Southern District of California, charging defendant Catalan with Smuggling, in violation of Title 18, United States Code, Section 545. The defendant appeared, pursuant to a Notice to Appear, was arraigned on August 27, 2020, and entered a not guilty plea.

On September 10, 2020, the defendant waived indictment and was arraigned on an Information with the same charge, and again pled not guilty. A hearing on all motions was set for October 26, 2020. On October 26, 2020, a jury trial was set for November 18, 2020, with a hearing on motions in limine on November 9, 2020.

On November 2, 2020, defendant Catalan filed motions to compel discovery, preserve evidence, and to file further motions. The United States responds to those motions herein. Counsel for defendant Catalan is requesting a continuance of the motion and trial dates, due to concerns about the pandemic.

II.

At approximately 7:00 a.m. on July 21, 2020, Alfredo CATALAN entered the United States at the San Ysidro Port of Entry as a pedestrian. Customs and Border Protection (CBP) Officer Thompson asked CATALAN if he had anything to declare, and CATALAN twice responded that he had nothing to declare. As CATALAN was walking through the post-primary area toward the

exit, CBP Officer Murillo asked CATALAN to place his backpack on the table for inspection. In the backpack, a bottle of pesticides was discovered, and the defendant was escorted to the secondary inspection area. In the secondary inspection area, a one-liter bottle of the Mexican pesticide "Metaldane 600" was seized from the defendant's backpack.

After waiving his Constitutional rights, the defendant said he was bringing the pesticides to his sister, Brenda, whose last name he could not recall. A warrant was obtained to search the defendant's phone. The phone contained a chat with Brenda, which included two photographs of Mexican pesticides.

According to the label, the container of Metaldane 600 had the active ingredient methamidophos. In the United States, methamidophos is a cancelled pesticide, due to the fact that it is lethal if ingested, absorbed through the skin, or inhaled; highly toxic to bees; very highly toxic to birds; highly toxic to mammals; very highly toxic to freshwater invertebrates; toxic to estuarine and marine fish and invertebrates; capable of entering surface water as runoff; and a risk to drinking water.

Federal law prohibits the distribution and sale of canceled or unregistered pesticides. 7 U.S.C. §136j(a)(1)(A). Only pesticides registered with the EPA may be imported or sold in the United States. 7 U.S.C. §136o(c). All pesticides intended for use in the United States must bear their EPA registration number on their labels, preceded by the phrase "EPA Registration No." or "EPA Reg. No." 40 C.F.R. §156.10(e). In addition, all required information on a label must appear in the

English language. 40 C.F.R. §156.10(a)(3). The container of pesticides found with CATALAN was labeled only in Spanish and bore no EPA registration number. The lawful importation of pesticides into the United States requires a Notice of Arrival to be provided to U.S. Customs, pursuant to 19 CFR 12.112. CATALAN provided no such Notice of Arrival for the pesticides in this case.

### III

### POINTS AND AUTHORITIES

A. <u>THE GOVERNMENT HAS AND WILL COMPLY WITH RULE 16 OF THE FEDERAL RULES OF CRIMINAL PROCEDURE. ANY ADDITIONAL DISCOVERY DEMANDS OF THE DEFENDANT SHOULD BE DENIED.</u>

1. <u>Status of Discovery</u>

On August 8, 2020, the government made available approximately 56 pages of discovery. The initial discovery included the CBP reports of the primary and post primary officers officers, copies of the documents seized from the defendant, the notes of the interviewing agents, the signed advisement of rights form, the seizure forms, the photographs taken at the Port of Entry, the defendant's criminal history and border crossing records. Additional discovery was provided on September 3, 2020, consisting of the recorded interview of the defendant at the Port of Entry and the results of the search of the defendant's phone. On September 11, 2020, the videos of the defendant's entry in the pedestrian lanes was provided.

To the extent that any evidence of prior similar acts exists, it may be found in the statements of the defendant or in the data downloaded from the phone.

This is a reactive case originating from the seizure at the Port of Entry. Accordingly, there are no records of prior investigation of the defendant for this offense. The government has not conducted any scientific testing in this case (nor is any anticipated) and does not anticipate the need for expert testimony. The government will make the appropriate inquiries regarding potential impeachment of its witnesses and disclose all *Giglio* and *Henthorn* materials one week before trial.

The government, to date, has provided discovery consisting of approximately 56 pages of documents and two recordings. The discovery provided to date is in excess of that required by Rule 16 of the Federal Rules of Criminal Procedure. The Government will continue to comply with the rules concerning discovery. The defendant's specific requests are discussed below.

2. <u>The Government Has Already Disclosed Information Subject to Disclosure under Rule 16(a)(1)(A)and (B) of the Federal Rules of Criminal Procedure.</u>

The Government has already disclosed the written and recorded statements of the defendant, as well as the substance of any relevant oral statements he made in response to questions by Government agents.

The defendant is not entitled to summaries of oral statements of the defendant made to persons not known by him to be government agents, and the memorialization of any such statements in a written report does not make them discoverable as "written" statements of the defendants. <u>United States v. Hoffman</u>, 794 F.2d 1429, 1432, n.4 (9th Cir.1986).

The videos relating to the defendant's detention at the Port of Entry have been produced. He was not arrested but was given a Notice

to Appear. The notes of the interviewing agents have been produced, as well as the TECS record of the defendant's crossings.

   3.   The Government Will Comply with Rule 16(a)(1)(D).

The Government has provided the defendant with a copy of the printout of the results of the database check for evidence of prior convictions. Once the witnesses the government intends to call in its case in chief are identified, records of any evidence of prior convictions for those individuals will be disclosed.

The Government is well aware of and will fully perform its duty under Brady v. Maryland, 373 U.S. 83 (1963) and United States v. Agurs, 427 U.S. 97 (1976), to disclose exculpatory evidence within its possession that is material to the issue of guilt or punishment, as well as its duty under Giglio v. United States, 405 U.S. 150 (1972) to provide information on any benefits provided to Government witnesses in exchange for their testimony and impeachment material. The Government agrees to provide this information at least one week prior to trial, after all of the trial witnesses have been identified.

   4.   The Government Will Comply with Rule 16(a)(1)(E).

The Government will permit the defendant to inspect and copy or photograph all books, papers, documents, photographs, tangible objects, buildings, or places, or portions thereof, which are within the possession, custody, or control of the Government, and which are material to the preparation of the defendant's defense or are intended for use by the Government as evidence-in-chief at trial or were obtained from

or belong to the defendant, and agrees to preserve such evidence during the pendency of this proceeding.

The defendant is not entitled to all evidence known or believed to exist which is, or may be favorable to the accused, or which pertains to the credibility of the Government's case. As stated in United States v. Gardner, 611 F.2d 770 (9th Cir. 1980), it must be noted that:

> "[T]he prosecution does not have a constitutional duty to disclose every bit of information that might affect the jury's decision; it need only disclose information favorable to the defense that meets the appropriate standard of materiality." Id., 611 F.2d at 774-775 (citations omitted).

See also United States v. Sukumolachan, 610 F.2d 685, 687 (9th Cir. 1980) (the Government not required to create exculpatory material that does not exist); United States v. Flores, 540 F.2d 432, 438 (9th Cir. 1976) (Brady does not create any pretrial discovery privileges not contained in the Federal Rules of Criminal Procedure). All physical evidence collected to date will be preserved. The photographs taken at the Port of Entry have been disclosed.

5.   The Government Will Comply with Rule 16(a)(1)(F)

No scientific testing of the pesticides has been performed. To the extent such evidence is created in the future, the Government will provide the defendant with the results or reports of physical or mental examinations, and of scientific tests or experiments, or copies thereof, which are within the possession of the Government, and will continue to provide any further such reports that by the exercise of due diligence may become known to the attorney for the Government and are material to

the preparation of the defense or are intended for use by the Government as evidence-in-chief at the trial.

6. The Government Will Comply with Rule 16(a)(1)(G)

No reports of experts have been prepared to date. The Government will provide any summaries of expert testimony as such evidence is identified as the case proceeds to trial, but no later than two weeks prior to trial.

6. Jencks Material

Production of witness statements is governed by the Jencks Act, 18 U.S.C. § 3500, and need occur only after the witness testifies on direct examination. United States v. Taylor, 802 F.2d 1108, 1118 (9th Cir. 1986); United States v. Mills, 641 F.2d 785, 790 (9th Cir.), cert. denied, 454 U.S. 902 (1981). Indeed, even material believed to be exculpatory and therefore subject to disclosure under the Brady doctrine, if contained in a witness statement subject to the Jencks Act, need not be revealed until such time as the witness statement is disclosed under the Act. See United States v. Bernard, 623 F.2d 551, 556 (9th Cir. 1979). This is the law of the Ninth Circuit, although the defendant has provided contrary case law from district courts outside of this circuit.

As a practical matter, the government has disclosed the reports of the investigation, so advance Jencks material has already been provided.

7. Prior Similar Act Evidence

To the extent that the government has evidence currently in its possession that might be argued to be admissible under Rule 404(b)

relating to instances of the illegal imports of pesticides, it has been disclosed. Such evidence would be found in the information downloaded from the defendant's phone.

8. <u>Henthorn Material</u>

The government will conduct a review of the personnel files of the federal agents involved in the case, and any impeachment material falling within the purview of <u>United States v. Henthorn</u>, 931 F.2d 29 (9th Cir.1991) will be disclosed.

9. <u>Impeachment Information</u>

The defendant may request various categories of impeachment evidence, including bias or motive to lie, evidence of criminal investigation or convictions, and evidence affecting perception. The government has disclosed much of the evidence currently in its possession that falls into this category, but this disclosure is not yet complete.

The government will disclose such evidence in compliance with its continuing obligations under <u>Brady v. Maryland</u>, 373 U.S. 83 (1963) and <u>Giglio v. United States</u>, 405 U.S. 150 (1972) no later than one week before trial, when the witnesses for trial have been identified.

10. <u>Informants and Cooperating Witnesses</u>

The defense requests information regarding informants and cooperating witnesses. No informants or cooperating witnesses were involved in this case.

11. <u>Records Applicable to Sentencing.</u>

The defense seeks records affecting sentencing. The United States has provided full discovery regarding the facts of the case

and the defendant's criminal record. Accordingly, the government has complied with this request, to the extent possible without further amplification of the nature of the desired records.

B. <u>PHYSICAL EVIDENCE WILL BE PRESERVED</u>.

The defense requests that all physical evidence in the case, including the pesticides, Mr. Catalan's personal effects, his cell phone and the agents' notes be preserved. The United States has no objection to this request and has directed the case agents to preserve all such evidence.

C. <u>FURTHER MOTIONS SHOULD BE BASED ON NEW EVIDENCE</u>.

The Government has no objection to the filing of further motions, so long as those new motions are based on newly disclosed evidence, or the defendant provides an adequate explanation of why the motions could not be filed in a timely manner. The Government requests that the court not issue an order permitting the filing of all additional motions, but instead review each request for further motions on its own merit.

### IV.
### CONCLUSION

The United States respectfully requests that the court deny the defendant's motions, to the extent they are opposed herein.